

## KEN PAXTON
ATTORNEY GENERAL OF TEXAS

August 14, 2015

The Honorable Charles Schwertner
Chair, Committee on Health and
    Human Services
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. KP-0036

Re: Whether sections 843.306 and 1301.057 of the Insurance Code apply to a pharmacy benefit manager acting on behalf of a health maintenance organization or a preferred provider organization (RQ-0016-KP)

Dear Senator Schwertner:

You ask two questions concerning whether specific provisions of the Insurance Code apply to a pharmacy benefit manager ("PBM") acting on behalf of a health maintenance organization ("HMO") or a preferred provider organization ("PPO").[1] A PBM is "a person, other than a pharmacy or pharmacist, who acts as an administrator in connection with pharmacy benefits." TEX. INS. CODE ANN. § 4151.151 (West 2009). You explain that PBMs develop "pharmacy panels through provider participation agreements with individual pharmacy service providers." Request Letter at 1. You further explain that PBMs then contract with HMOs and PPOs to "provide and administer pharmacy benefits to beneficiaries or enrollees" of the HMOs or PPOs. *Id.*

You first ask whether section 843.306 of the Insurance Code applies to a PBM acting on behalf of an HMO. *Id.* Chapter 843 of the Insurance Code governs HMOs, and Subchapter I addresses HMO relations with physicians and providers. *See* TEX. INS. CODE ANN. §§ 843.001– .464 (West 2009 & Supp. 2014). Section 843.306 of Subchapter I states, in relevant part:

> (a) Before terminating a contract with a physician or provider, a health maintenance organization shall provide to the physician or provider a written explanation of the reasons for termination.
>
> (b) On request, before the effective date of the termination and within a period not to exceed 60 days, a physician or provider is entitled to a review by an advisory review panel of the health maintenance organization's proposed termination . . . .

---

[1]Letter from Honorable Charles Schwertner, Chair, Senate Comm. on Health & Human Servs., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Apr. 30, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinions-rqs ("Request Letter").

*Id.* § 843.306(a)–(b) (West 2009). Relevant to your question, for purposes of chapter 843, "provider" includes, among others, "a pharmacy." *Id.* § 843.002(24)(A)(ii) (West Supp. 2014). Thus, an HMO must provide notice to a pharmacy with whom it contracts before terminating a contract with that pharmacy.

The language of section 843.306 expressly applies only to HMOs; however, an HMO "may contract with any person to perform" administrative functions on behalf of the HMO. *Id.* § 843.104 (West 2009). An HMO that delegates an administrative function required by chapter 843 of the Insurance Code "shall execute a written delegation agreement with the entity to which the function is delegated." *Id.* § 1272.052(a). The delegation agreement must provide that the "delegated entity shall comply with each statutory or regulatory requirement relating to a function assumed by or carried out by the entity." *Id.* § 1272.056(2); *see also id.* § 1272.002 (requiring a delegated entity to "comply with each statutory or regulatory requirement that relates to a function assumed by or carried out by" the entity).[2] Thus, to the extent that a PBM serves as a delegated entity of an HMO and, pursuant to the delegation agreement, administers contracts with pharmacy providers, the PBM must comply with the notice and review requirements of section 843.306.[3]

In your second question, you ask whether section 1301.057 of the Insurance Code applies to a PBM acting on behalf of a PPO. Request Letter at 1. Chapter 1301 of the Insurance Code governs preferred provider benefit plans. *See* TEX. INS. CODE ANN. § 1301.0041(a) (West Supp. 2014); *see generally id.* §§ 1301.001–.202 (West 2009 & Supp. 2014). Section 1301.057 states, in relevant part:

(a) Before terminating a contract with a preferred provider, an insurer shall:

  (1) provide written reasons for the termination; and

  (2) if the affected provider is a practitioner, provide, on request, a reasonable review mechanism, . . .

(b) The review mechanism described by Subsection (a)(2) must incorporate, in an advisory role only, a review panel selected in the manner described by Section 1301.053(b) and must be completed within a period not to exceed 60 days.

*Id.* § 1301.057 (West 2009). For purposes of chapter 1301 of the Insurance Code, the term "insurer" is defined as "a life, health, and accident insurance company, health and accident

---

[2]"Delegated entity" is defined as "an entity, other than a health maintenance organization authorized to engage in business under Chapter 843, that by itself, or through subcontracts with one or more entities, undertakes to arrange for or provide medical care or health care to an enrollee in exchange for a predetermined payment on a prospective basis and that accepts responsibility for performing on behalf of the health maintenance organization a function regulated by . . . Chapter 843 . . . ." TEX. INS. CODE ANN. § 1272.001(a)(1) (West 2009); *see also id.* § 843.002(30) (West Supp. 2014).

[3]You do not ask, and we do not address, whether any specific delegation of authority or contract between an HMO and a PBM is authorized.

insurance company, health insurance company, or other company operating under Chapter 841, 842, 884, 885, 982, or 1501, that is authorized to issue, deliver, or issue for delivery in this state health insurance policies." *Id.* § 1301.001(5) (West Supp. 2014). The Insurance Code does not define PPO; however, "preferred provider benefit plan" is defined as "a benefit plan in which an insurer provides, through its health insurance policy, for the payment of a level of coverage that is different from the basic level of coverage provided by the health insurance policy if the insured person uses a preferred provider." *Id.* § 1301.001(9). Thus, under some circumstances a PPO itself could be considered an insurer for purposes of section 1301.057.

Under the Insurance Code, "preferred provider" includes a "health care provider, or an organization of . . . health care providers, who contracts with an insurer to provide medical care or health care to insureds covered by a health insurance policy." *Id.* § 1301.001(8). "Health care provider" expressly "includes a pharmacist and a pharmacy." *Id.* § 1301.001(1-a). A PPO subject to section 1301.057 would therefore be required to provide an explanation of the reasons for terminating a contract with a pharmacy.

The language of section 1301.057 expressly applies only to insurers and does not address PBMs that contract with provider pharmacies. Insurance Code section 1301.061, however, provides that "[e]ach preferred provider benefit plan offered in this state must comply with this chapter," which includes section 1301.057. *Id.* § 1301.061(c) (West 2009). That section also states:

> (a) An insurer may enter into an agreement with a [PPO] for the purposes of offering a network of preferred providers. The agreement may provide that either the insurer or the [PPO] on the insurer's behalf will comply with the notice requirements and other requirements imposed on the insurer by this subchapter.

> (b) An insurer that enters into an agreement with a preferred provider organization under this section shall meet the requirements of this chapter or *ensure that those requirements are met.*

*Id.* § 1301.061(a)–(b) (emphasis added). Thus, with regard to preferred provider benefit plans, before a contract with a preferred provider is terminated, an insurer must ensure that either itself or the entities with whom it contracts, which could include PBMs, comply with the notice and review process required under section 1301.057.

### S U M M A R Y

If a pharmacy benefit manager serves as a delegated entity of a health maintenance organization and thereby terminates contracts with pharmacy providers, the pharmacy benefit manager must comply with the notice and review requirements of section 843.306 of the Insurance Code.

With regard to preferred provider benefit plans, before a contract with a preferred provider is terminated, an insurer must ensure that either itself or the entities with whom it contracts, which could include pharmacy benefit managers, comply with the notice and review process required under section 1301.057 of the Insurance Code.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee
Assistant Attorney General, Opinion Committee